1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT OSUNA, | CASE NO.: CV12-02475  PA (JCGx) |
| Plaintiffs, | *Judge Percy Anderson*<br>*Magistrate Judge Jay C. Gandhi* |
| vs. | [PROPOSED] |
| LAPD OFFICER R. ERIVES, BADGE NO. 35511, LAPD OFFICER S. GONZALEZ, BADGE NO. 33143, LAPD SERGEANT GONZALEZ, BADGE NO. 22983, AND DOES 1 - 10, | **PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |
| Defendants | **(RELATED INTERNAL AFFAIRS INVESTIGATION)** |

Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation,  Defendants, through their counsel of record,  have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

1.    In accordance with the above-referenced agreement, the City of Los Angeles has agreed to produce copies of the following documents following the issuance of a protective order in this matter:

**a)    The City has agreed to produce the Internal Affairs investigation which pertains to Mr. Osuna's arrest on May 12, 2011.**

1

1    **b)      The City has also agreed to produce any existing recorded statements**
2    **taken in connection with the Internal Affairs investigation, which must be**
3    **purchased by Plaintiff at the cost of $10.00 per CD Rom.  Alternatively, Plaintiff**
4    **may provide the City with unopened CD Roms in order to obtain the recorded**
5    **statements.**

6                                          **GOOD CAUSE STATEMENT**

7         2.      The Los Angeles Police Department conducts internal administrative
8    investigations of Officer Involved Uses of Force and Complaint Investigations
9    (hereinafter "Administrative Investigations") and also maintains a personnel file on its
10   officers which includes personnel training information.[1]   Once an Administrative
11   Investigation is initiated, a formal investigation number is prepared.  Such investigations
12   are reviewed by appropriate command officers in the Department.  This review has
13   several purposes:   (1) to determine whether the involved officers violated any
14   Department policies or procedures; (2) to determine whether administrative discipline
15   and/or retraining of the involved officers is necessary; and (3) to ascertain if police
16   policies and procedures in such areas as supervision, training, tactics, policies, etc.
17   should be modified. Administrative Investigations are an essential aid to providing
18   critical evaluation of Department officers and policies, and to determine the most
19   effective way to serve the citizens of Los Angeles.  Administrative Investigations are not
20   public records and include personal information regarding accused officers as well as
21   complainants.  The personal information usually includes the officer's date of birth, as
22   well as that of the complainant.  Often, Administrative Investigations also include a
23   complainant's address, telephone number and sometimes social security number.

24        3.      The parties agree that this information contained in paragraph 1 and all
25   subparts is confidential in nature and properly the subject of a protective order.

26                                                    **III.**

27                           **TERMS OF THE PROTECTIVE ORDER**

28   _____

      [1] There is no related Use of Force investigation.

                                                     2

4.     If the Protective Order is issued, Defendants will produce the above-referenced documents wherein the documents will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect.  Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

5.     Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

6.     Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a)     Counsel for the parties, and any investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

(b)     The District Court and its personnel;

(c)     The parties;

(d)     Court reporters and their staff, persons preparing transcripts of depositions, and professional vendors to whome disclosure is reasonably necessary for this litigation;

(e)     Witnesses in the course of deposition, the portion of which will be under seal, where counsel has a reasonable and good faith belief that the examination with respect to the Confidential Information is necessary, and any person being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his or her examination with respect to the Confidential Information is necessary in connection with such testimony.

(f)     Such other persons as may be agreed by written stipulation among the parties  hereto, or by Court order.

7.     Prior to the disclosure of any Confidential Information to any person

3

described in paragraph 6(c) to 6(f), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential Information

pursuant to the foregoing stipulation and order.  I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____ /s/_____ "

8.    **With the exception of persons described in paragraph 6(b), no person shall be permitted to retain copies of any Confidential Information.  Upon the final termination of this litigation, including a settlement or jury verdict, or entry of judgment by the Court against either Plaintiff or one or more of the Defendants, Plaintiff shall have 14 calendar days by which to return to the Los Angeles City Attorney's Office, all confidential information which is identified in paragraph 1 and its subparts herein.  In the event an appeal is filed, the Plaintiff will have 14-days after the resolution of Plaintiff's post-verdict motions and/or appellate proceedings, to return all confidential information identified in paragraph 1 and its subparts herein to the Los Angeles City Attorney's Office.**  Further, the Stipulation for Protective Order set forth herein requires written confirmation from Plaintiff's counsel that all materials are being returned pursuant to the terms of this Stipulation and the District Court's order on this Stipulation.

9.    If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the

4

1   Defendants an opportunity to obtain an order barring production or other disclosure, or
2   to otherwise respond to the subpoena or other request for production or disclosure of
3   Confidential Material. Other than objecting on the grounds of this stipulation, no party
4   shall be obligated to seek an order barring production of Confidential Information, which
5   obligation shall be borne by the Defendants. However, in no
6   event should production or disclosure be made without written approval by the
7   Defendants' counsel unless required by court order arising from a motion to compel
8    production or disclosure of Confidential Information.
9        10.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other
10  written submissions to the Court in this litigation which contain, reflect, incorporate or
11  refer to Confidential Information shall be **submitted with an application that the**
12  **document be filed and maintained under seal either pursuant to the Central District**
13  **of California's Pilot Project for the Electronic Submission and Filing Under Seal**
14  **Documents and paragraph 9 of the District Court's Standing Order. (*See also* Local**
15  **Rules 5-4, 79-5, et seq.).** If a document or pleading submitted to the Court, as described
16  in this paragraph, makes only a general reference to any document or information
17  contained therein covered by this protective order, but does not quote or describe its
18  contents in any specific way, and does not include the protected document itself, then the
19  party or parties need not enter into a stipulation or otherwise seek an order to file the
20  documents under seal. **In entering into a stipulation for the filing of Confidential**
21  **Information under seal, none of the parties waives its right to object to the**
22  **admissibility of said information in connection with that proceeding or to move to**
23  **exclude said information prior to or during the time of trial.**
24        11.    The parties agree that the spirit of confidentiality as protected in this order
25  will apply to all proceedings. To that end, before any protected document or any
26  information derived therefrom is to be put forward, admitted into evidence, discussed in
27  detail or otherwise publicized in Court, the party raising the protected document will
28  inform the other parties and allow for a motion to the Court to close the proceedings to

1 | the public.

2 |     12.    Nothing herein shall prejudice any party's rights to object to the introduction
3 | of any Confidential Information into evidence, on grounds including but not limited to
4 | relevance and privilege.

5 |     13.    During the course of depositions, when counsel makes an objection to a
6 | question concerning a protected document or information contained therein, which is
7 | the subject of this Stipulation and protective order, or concerning a general area that
8 | counsel believes should be covered by the scope of this Stipulation and protective order,
9 | those witnesses (as identified in Paragraph 6 and its subparts herein) may answer the
10 | question, without waiving the objections, and the questions and answers to those
11 | questions will be sealed and covered by the terms of this protective order. Counsel and
12 | the parties reserve the right to object to the disclosure of confidential or private
13 | information which is not the subject of this stipulation and protective order. Consistent
14 | with paragraph 10, any documents deemed confidential pursuant to this protective order
15 | will be lodged under seal, if they are used as exhibits in any deposition and subsequently
16 | sought to be included in any filing with the District Court.  This agreement does not
17 | waive any objections counsel may make, including objections unrelated to the reasons
18 | for this protective order.

19 |     14.    Each person receiving or reviewing Confidential Information must consent
20 | to the jurisdiction of the United States District Court for the Central District of
21 | California, including the Magistrate Judge assigned to this case,  with respect to any
22 | proceeding relating to enforcement of this Order, including, without limitation, any
23 | proceeding for contempt and/or monetary sanctions

24 |     15.    This Protective Order survives until the time the commencement of trial.
25 | The parties hereto, however, may make a request to the District Judge, in advance of
26 | trial, that the Confidential Information disclosed pursuant to the Protective Order remain
27 | confidential and/or be kept and maintained pursuant to the terms of the Protective Order.
28 |     16.    This Stipulation may be signed in sub-parts and may be transmitted by

1 | facsimile as if it was the original document.  Defendants will lodge this executed
2 | Stipulation with the Court for approval.
3 |
4 |
5 | *IT IS SO ORDERED.*
6 | Dated: <u>October 1</u>_____, 2015    By:_____
7 |                                          HONORABLE PERCY ANDERSON
                                             UNITED STATES DISTRICT JUDGE
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

7